UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:

Jose A. Vega,
and other similarly
situated individuals,

      Plaintiff(s),

v.

Chilango Enterprise LLC,
and Galdino Gomez,
individually,

      Defendants,

_____/

## COLLECTIVE ACTION COMPLAINT
(OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now the Plaintiff Jose A. Vega and other similarly situated individuals, by and through the undersigned counsel, and hereby sue Defendants Chilango Enterprise LLC, a/k/a Chilango Services, and Galdino Gomez, individually, and alleges:

Jurisdiction Venues and Parties

1.  This is an action to recover monetary damages for unpaid overtime wages and retaliation under United States laws. This Court has jurisdiction pursuant to

the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff Jose A. Vega is a resident of Sarasota County, Florida, within the jurisdiction of this court and is otherwise sui juris. Plaintiff is a covered employee for purposes of the Act.

3. Defendant Chilango Enterprise LLC, a/k/a Chilango Service (hereinafter, Chilango Service or Defendant) is a Florida Limited Liability Company performing business in Sarasota County within this Honorable Court Jurisdiction. At all times material, Defendant was engaged in interstate commerce.

4. The individual Defendant Galdino Gomez was and is now the owner/partner/officer and manager of Defendant Corporation Chilango Service. This individual Defendant was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)].

5. All the actions raised in this complaint occurred in Sarasota County, Florida, within this Court's jurisdiction.

<u>General Allegations</u>

6. This cause of action is brought by Plaintiff Jose A. Vega as a collective action to recover from Defendants overtime compensation, liquidated damages, costs,

and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLSA or the "Act") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after August 2022, (the "material time") without being adequately compensated.

7. Defendant Chilango Service provides construction, repair services, and painting services. Plaintiff performed his work at different workplaces.

8. Defendant Chilango Service was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A). Defendant is a construction and repair company. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions by ordering products and supplies produced out of State. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

9. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff was a construction employee. Plaintiff handled

and worked with goods and materials that were moved in interstate commerce at any time during the business. Therefore, there is individual coverage.

10. Defendants Chilango Service and Galdino Gomez employed Plaintiff Jose A. Vega as a non-exempt, full-time employee from approximately August 11, 2022, to December 11, 2024, or 122 weeks.

11. During the relevant time, Plaintiff had duties as a handyman, painter, and installing fences. Plaintiff hourly rate was $19.50 an hour.  Plaintiff's overtime rate should be $29.25 an hour.

12. While employed by Defendants, Plaintiff worked more than 40 hours every week, but he was not paid for overtime hours.

13. Plaintiff had a regular and mandatory schedule. He worked five days per week, from Monday to Friday, from 6:00 AM to 9:00 PM (15 hours daily), or a total of 70 hours weekly.  The plaintiff has already deducted five hours of lunchtime hours weekly.

14. Plaintiff worked regularly and consistently more than 40 hours every week, and he was paid for all his hours, but at his regular rate.  Plaintiff was not paid for overtime hours, as required by law.

15. Plaintiff did not clock in and out, but Defendants could track the number of days and hours worked by Plaintiff and other similarly situated individuals by texts. Defendants knew the hours worked by Plaintiff.

16. Therefore, Defendants willfully failed to pay Plaintiff overtime wages at the rate of time and a half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)

17. Plaintiff was paid weekly with checks without paystubs providing basic information regarding wage rate paid, number of days and hours worked, etc.

18. Plaintiff complained many times about the lack of payment for overtime hours, but Defendants never fixed the problem.

19. On or around December 11, 2024, the plaintiff once again raised concerns about unpaid overtime. This time, the business owner, Galdino Gomez verbally assaulted the plaintiff and fired him.

20. Plaintiff is not in possession of time and payment records, but he will provide a good-faith estimate of unpaid wages based on his recollections. Plaintiff will amend his Statement of Claim accordingly when Defendants produce time and payment records.

21. Plaintiff Jose A. Vega intends to recover unpaid overtime wages for every hour in excess of 40 in a week, retaliatory damages, liquidated damages, and any other relief as allowable by law.

22. At times mentioned, individual Defendant Galdino Gomez was the owner/partner and manager of Chilango Service. Defendant Galdino Gomez

was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interests of the Corporation, in terms of their employees, including Plaintiff and others similarly situated. Defendant Galdino Gomez had financial and operational control of the business. He determined the terms and working conditions of Plaintiff and other similarly situated employees, and he is jointly and severally liable for Plaintiff's damages.

Collective Action Allegations

23. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

24. Plaintiff contends that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for every overtime hour worked at the rate of time and one-half their regular rate.

25. This action is intended to include every construction employee, handyman, and any similarly situated individuals who worked for Defendants during the past three (3) years.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
## FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

26. Plaintiff Jose A. Vega re-adopts every factual allegation stated in paragraphs 1-25 above as if set out in full herein.

27. This cause of action is brought by Plaintiff Jose A. Vega as a collective action to recover from Defendants overtime compensation, liquidated damages, costs, and reasonable Attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "Act") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after August 2022, (the "material time").

28. Defendants Chilango Service and Galdino Gomez employed Plaintiff Jose A. Vega as a non-exempt, full-time employee from approximately August 11, 2022, to December 11, 2024, or 122 weeks.

29. During the relevant time, Plaintiff had duties as a handyman, painter, and installing fences. Plaintiff hourly rate was $19.50 an hour.  Plaintiff's overtime rate should be $29.25 an hour.

30. While employed by Defendants, Plaintiff worked five days per week, 70 hours weekly.  Plaintiff has already deducted five hours of lunchtime weekly.

31. Plaintiff worked regularly and consistently more than 40 hours every week, and he was paid for all his hours, but at his regular rate. Plaintiff was not paid for overtime hours, as required by law.

32. Plaintiff did not clock in and out, but Defendants could track the number of days and hours worked by Plaintiff and other similarly situated individuals by texts. Defendants knew the hours worked by Plaintiff.

33. Therefore, Defendants willfully failed to pay Plaintiff overtime wages at the rate of time and a half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)

34. Plaintiff was paid weekly with checks without paystubs providing basic information regarding wage rate paid, number of days and hours worked, etc.

35. On or about December 11, 2024, after he complained about unpaid overtime hours.

36. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated, and the compensation paid to such employees should be in the possession and custody of Defendants. However, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief.

37. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

38. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendants violated the Posting requirements of 29 USC § 516.4.

39. Plaintiff is not in possession of time and payment records, but he will provide a reasonable good faith estimate based on his recollections and his knowledge. After discovery, Plaintiff will amend his statement of claim.

a. Total amount of alleged unpaid O/T wages:

Thirty-Five Thousand Six Hundred Eighty-Five Dollars and 00/100 ($35,685.00)

b. Calculation of such wages:

Total period of employment: 122 weeks.
Relevant weeks of employment: 122 weeks
Total number of hours worked: 70 hours
Total number of unpaid O/T hours worked: 30 hours weekly
Regular rate: $19.50 an hour x 1.5=$29.25
O/T rate: $29.25-$19.50 O/T rate paid=$9.75 O/T difference
Half-time: $9.75

$9.75 x 30 O/T hours=$292.50 weekly x 122 weeks=$35,685.00

c. Nature of wages (e.g., overtime or straight time):

This amount represents unpaid half-time overtime wages.[1]

40. At all times, material hereto, the Employers/Defendants failed to comply with Title 29 USC §207 (a) (1). In that, Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, Defendants made no provision to properly pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

41. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

42. Defendants Chilango Service and Galdino Gomez willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half his regular rate, as required by the law of the United States, and remain owing

---

[1] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates his damages and reserves the right to amend the calculations.

Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants, as set forth above.

43. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action, and he is obligated to pay a reasonable attorney's fee.

<u>Prayer for Relief</u>

Wherefore, Plaintiff Jose A. Vega and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Jose A. Vega and other similarly situated individuals and against Defendants Chilango Service and Galdino Gomez, based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B. Award Plaintiff Jose A. Vega actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiff Jose A. Vega demands a trial by a jury of all issues triable as of right by a jury.

**COUNT II:**
**FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE;**
**PURSUANT TO 29 USC 215(a)(3); AGAINST ALL DEFENDANTS**

44. Plaintiff Jose A. Vega re-adopts every factual allegation stated in paragraphs 1-25 of this Complaint as if set out in full herein.

45. Defendant Chilango Service was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A).

46. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

47. 29 USC § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

48. Likewise, 29 USC 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,……"

Page **12** of **16**

49. Defendants Chilango Service and Galdino Gomez employed Plaintiff Jose A. Vega as a non-exempt, full-time employee from approximately August 11, 2022, to December 11, 2024, or 122 weeks.

50. During the relevant time, Plaintiff had duties as a handyman, painter, and installing fences. Plaintiff hourly rate was $19.50 an hour.  Plaintiff's overtime rate should be $29.25 an hour.

51. While employed by Defendants, Plaintiff worked five days per week, 70 hours weekly

52. Plaintiff worked regularly and consistently more than 40 hours every week, and he was paid for all his hours, but at his regular rate.  Plaintiff was not paid for overtime hours, as required by law.

53. Plaintiff did not clock in and out, but Defendants could track the number of days and hours worked by Plaintiff and other similarly situated individuals by texts. Defendants knew the hours worked by Plaintiff.

54. Therefore, Defendants willfully failed to pay Plaintiff overtime wages at the rate of time and a half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)

55. Plaintiff was paid weekly with checks without paystubs providing basic information regarding wage rate paid, number of days and hours worked, etc.

56. Plaintiff disagreed with the lack of payment for overtime hours, and he complained numerous times to Defendants, but they never fixed the problem.

57. On or about December 11, 2024, Plaintiff complained again to business owner Galdino Gomez about unpaid overtime hours.

58. These complaints constituted protected activity under the FLSA.

59. However, this time, the business owner, Galdino Gomez, verbally assaulted Plaintiff, and fired him the same day.

60. At the time of his termination, Plaintiff was performing the essential functions of his position satisfactorily. There was no other reason than retaliation to fire him.

61. There is close proximity between Plaintiff's protected activity and his termination.

62. The motivating factor that caused Plaintiff's discharge, described above, was his complaint seeking unpaid overtime hours from Defendants. In other words, Plaintiff would not have been fired but for his complaints about unpaid overtime wages.

63. Defendants' termination of Plaintiff was in direct violation of 29 USC 215 (a)(3), and, as a direct result, Plaintiff has been damaged.

64. Plaintiff Jose A. Vega has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay reasonable Attorney's fees.

Prayer For Relief

Wherefore, Plaintiff Jose A. Vega respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants Chilango Service and Galdino Gomez that Plaintiff Jose A. Vega recovers compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 USC § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order Defendants Chilango Service and Galdino Gomez to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff Jose A. Vega further prays for such additional relief as the interests of justice may require.

<u>Demand for a Jury Trial</u>

Plaintiff Jose A. Vega demands a trial by a jury of all issues triable as a right

by a jury.

Date: February 11, 2025                    Respectfully Submitted,

                                      By: **/s/ Zandro E. Palma**
                                      ZANDRO E. PALMA, P.A.
                                      Florida Bar No.: 0024031
                                      9100 S. Dadeland Blvd.
                                      Suite 1500
                                      Miami, FL 33156
                                      Telephone:     (305) 446-1500
                                      Facsimile:     (305) 446-1502
                                      zep@thepalmalawgroup.com
                                      *Attorney for Plaintiff*