UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSE A. VEGA,
and other similarly
situated individuals,

        Plaintiff,

v.                           Case No. 8:25-CV-00358-KKM-LSG

CHILANGO ENTERPRISE LLC,
AND GALDINO GOMEZ,
individually,

        Defendant.
_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendants, Chilango Enterprise LLC, and Galdino Gomez (collectively, "Defendants"), through their undersigned counsel, and pursuant to Federal Rules of Civil Procedure 8 and 12, hereby answer Plaintiff's Complaint (Doc. 1) and assert answers and affirmative defenses as follows:

### Jurisdiction Venues and Parties

1. Defendants admit that this Court is a proper jurisdiction for claims brought pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C § 201, but otherwise deny the allegations set forth in Paragraph 1 of the Complaint.

1

2. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 2, and on that basis deny them.

3. Defendant, Chilango Enterprise LLC admits that they are authorized to conduct business in Florida but otherwise deny the allegations set forth in Paragraph 3 of the Complaint.

4. Defendant Galdino Gomez admits he is an officer of Defendant Corporation but otherwise denies the allegations set forth in Paragraph 4 of the Complaint.

5. Defendants admit that this Court is a proper jurisdiction for claims, but otherwise deny the allegations set forth in Paragraph 5 of the Complaint.

### General Allegations

6. Defendants admit that Plaintiff brings this claim pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C § 201, but otherwise deny the allegations set forth in Paragraph 6 of the Complaint.

7. Defendants admit the allegations set forth in Paragraph 7 of the Complaint.

8. Defendants admit being a business or enterprise as defined in 29 USC § 203(r) and 203(s)(1)(A) but otherwise deny the allegations set forth in Paragraph 8 of the Complaint.

9. Defendants deny the allegations set forth in Paragraph 9 of the Complaint.

10. Defendants deny the allegations set forth in Paragraph 10 of the Complaint.

www.spirelawfirm.com

11. Defendants admit that Plaintiff had duties as a painter and in installing fences but otherwise, deny the allegations set forth in Paragraph 11 of the Complaint.

12. Defendants deny the allegations in Paragraph 12 of the Complaint.

13. Defendants deny the allegations in Paragraph 13 of the Complaint.

14. Defendants deny the allegations in Paragraph 14 of the Complaint.

15. Defendants deny the allegations in Paragraph 15 of the Complaint.

16. Defendants state that, to the extent Paragraph 16 of the Complaint puts forth a statement of law, no response is required. To the extent that it asserts violation of the law or any facts, Defendants deny same.

17. Defendants admit Plaintiff was paid weekly with checks but otherwise deny the allegations in Paragraph 17 of the Complaint.

18. Defendants deny the allegations in Paragraph 18 of the Complaint.

19. Defendants deny the allegations in Paragraph 19 of the Complaint.

20. Defendants are without sufficient information regarding the allegations in Paragraph 20 of the Complaint, and therefore deny them.

21. Defendants are without sufficient information regarding the allegations in Paragraph 20 of the Complaint, and therefore deny them.

22. Defendant Galdino Gomez admits he, as an officer of Defendant Corporation is an employer as within the meaning of Section 3(d) of the "Fair

3

Labor Standards Act" [29 U.S.C. § 203(d)] but otherwise denies the allegations set forth in Paragraph 22 of the Complaint.

### Collective Action Allegations

23. Defendants admit that Plaintiff brings this claim pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C § 201, but otherwise deny the allegations set forth in Paragraph 23 of the Complaint.

24. Defendants deny the allegations in Paragraph 24 of the Complaint.

25. Defendants deny the allegations in Paragraph 25 of the Complaint.

### COUNT I:
### WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
### FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

26. Defendants restate and incorporate their responses contained in Paragraphs 1 through 25 of the Answer, as though fully set forth herein.

27. Defendants state that, to the extent Paragraph 27 of the Complaint puts forth a statement of law, no response is required. To the extent that it asserts violation of the law or any facts, Defendants deny same.

28. Defendants deny the allegations set forth in Paragraph 28 of the Complaint.

29. Defendants admit that Plaintiff had duties as a painter and in installing fences but otherwise, deny the allegations set forth in Paragraph 29 of the Complaint.

4

30. Defendants deny the allegations in Paragraph 30 of the Complaint.

31. Defendants deny the allegations in Paragraph 31 of the Complaint.

32. Defendants deny the allegations in Paragraph 32 of the Complaint.

33. Defendants state that, to the extent Paragraph 33 of the Complaint puts forth a statement of law, no response is required. To the extent that it asserts violation of the law or any facts, Defendants deny same.

34. Defendants admit Plaintiff was paid weekly with checks but otherwise deny the allegations in Paragraph 34 of the Complaint.

35. Defendants deny the allegations in Paragraph 35 of the Complaint.

36. Defendants deny the allegations in Paragraph 36 of the Complaint.

37. Defendants state that, to the extent Paragraph 37 of the Complaint puts forth a statement of law, no response is required. To the extent that it asserts violation of the law or any facts, Defendants deny same.

38. Defendants state that, to the extent Paragraph 38 of the Complaint puts forth a statement of law, no response is required. To the extent that it asserts violation of the law or any facts, Defendants deny same.

39. Defendants deny the allegations in Paragraph 39 of the Complaint, including all subparts thereof.

www.spirelawfirm.com

40. Defendants state that, to the extent Paragraph 40 of the Complaint puts forth a statement of law, no response is required. To the extent that it asserts violation of the law or any facts, Defendants deny same.

41. Defendants deny the allegations in Paragraph 41 of the Complaint.

42. Defendants deny the allegations in Paragraph 42 of the Complaint.

43. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 43, and on that basis deny them.

In response to the unenumerated WHEREFORE paragraph immediately following Paragraph 43, including subsections A to E, Defendants deny the allegations and further deny Plaintiff is entitled to any relief sought.

### Demand for a Jury Trial

Defendants deny the allegations in the unenumerated Paragraph immediately following COUNT I of the Complaint.

### COUNT II:
### FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE; PERSUANT TO 29 USC 215(a)(3); AGAINTS ALL DEFENDANTS

44. Defendants restate and incorporate their responses contained in Paragraphs 1 through 25 of the Answer, as though fully set forth herein.

45. Defendants state that, to the extent Paragraph 45 of the Complaint puts forth a statement of law, no response is required. To the extent that it asserts violation of the law or any facts, Defendants deny same.

6

www.spirelawfirm.com

46. Defendants admit the allegations in Paragraph 46 of the Complaint.

47. Defendants state that, to the extent Paragraph 47 of the Complaint puts forth a statement of law, no response is required. To the extent that it asserts violation of the law or any facts, Defendants deny same.

48. Defendants state that, to the extent Paragraph 48 of the Complaint puts forth a statement of law, no response is required. To the extent that it asserts violation of the law or any facts, Defendants deny same.

49. Defendants deny the allegations set forth in Paragraph 49 of the Complaint.

50. Defendants admit that Plaintiff had duties as a painter and in installing fences but otherwise, deny the allegations set forth in Paragraph 50 of the Complaint.

51. Defendants deny the allegations in Paragraph 51 of the Complaint.

52. Defendants deny the allegations in Paragraph 52 of the Complaint.

53. Defendants deny the allegations in Paragraph 53 of the Complaint.

54. Defendants state that, to the extent Paragraph 54 of the Complaint puts forth a statement of law, no response is required. To the extent that it asserts violation of the law or any facts, Defendants deny same.

55. Defendants admit Plaintiff was paid weekly with checks but otherwise deny the allegations in Paragraph 55 of the Complaint.

56. Defendants deny the allegations in Paragraph 56 of the Complaint.

www.spirelawfirm.com

57. Defendants deny the allegations in Paragraph 57 of the Complaint.

58. Defendants deny the allegations in Paragraph 58 of the Complaint.

59. Defendants deny the allegations in Paragraph 59 of the Complaint.

60. Defendants deny the allegations in Paragraph 60 of the Complaint.

61. Defendants deny the allegations in Paragraph 61 of the Complaint.

62. Defendants deny the allegations in Paragraph 62 of the Complaint.

63. Defendants state that, to the extent Paragraph 63 of the Complaint puts forth a statement of law, no response is required. To the extent that it asserts violation of the law or any facts, Defendants deny same.

64. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 64, and on that basis deny them.

In response to the unenumerated WHEREFORE paragraph immediately following Paragraph 64, including subsections A to E, Defendants deny the allegations and further deny Plaintiff is entitled to any relief sought.

## DEMAND FOR JURY TRIAL

Defendants deny the allegations in the unenumerated Paragraph immediately following COUNT II of the Complaint.

## GENERAL DENIAL

All allegations in the Complaint not expressly admitted are hereby denied.

www.spirelawfirm.com

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff lacks standing to bring a claim.

### THIRD DEFENSE

Because Plaintiff's Complaint is phrased in vague and conclusory terms, Defendants cannot fully anticipate all defenses which may be applicable to this action. Accordingly, the right to assert additional defenses, to the extent such defenses are applicable, is hereby reserved.

Dated this 1st day of April 2025.

Respectfully submitted,

Spire Law, PLLC
2572 W. State Road 426, Suite 2088
Oviedo, Florida 32765

By:*/s/ Jesse Unruh*
Jesse Unruh, Esquire
Florida Bar # 93121
(407) 494-0135
jesse@spirelawfirm.com
margarita@spirelawfirm.com
filings@spirelawfirm.com
*Attorney for Defendants*

9

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of April 2025, the foregoing was electronically filed through the CM/ECF system, which will send a notice of electronic filing to all counsel of record and *pro se* parties.

*/s/ Jesse Unruh*
Attorney

10

www.spirelawfirm.com